UNITED STATES OF AMERICA

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tony Magnus and Kylie Magnus,<br>        Plaintiffs, | File No. |
| v. | Hon.<br>U. S. District Court Judge |
| Cody Wheat, Jay Byrd, Bradley Martin,<br>and Michael Cochrane,<br>        Defendants. | |

_____/

Mary Beth Kur  (P44424)
Attorney for Plaintiff
455 Bay Street, Suite B
Petoskey, MI 49770
231-348-3200

J. Nicholas Bostic (P40653)
Co-counsel for Plaintiff
909 N. Washington Avenue
Lansing, MI 48906
(517) 706-0132
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs, for their complaint, state:

1. This is a civil action seeking money damages for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983.

2. Plaintiffs were at all times relevant to this complaint, competent adults and residents of Charlevoix County in the State of Michigan.

3. Defendant Cody Wheat is, and at all times relevant to this complaint was, a competent adult, his county of residence is unknown and he conducts his business as a Charlevoix County Deputy Sheriff in Charlevoix County in the Western District of Michigan.

1

4. Defendant Jay Byrd is, and at all times relevant to this complaint was, a competent adult, his county of residence is unknown and he conducts his business as a Charlevoix County Deputy Sheriff in Charlevoix County in the Western District of Michigan.

5. Defendant Bradley Martin is, and at all times relevant to this complaint was, a competent adult, his county of residence is unknown and he conducts his business as an Antrim County Deputy Sheriff in Charlevoix County in the Western District of Michigan.

6. Defendant Michael Cochrane is, and at all times relevant to this complaint was, a competent adult, his county of residence is unknown and he conducts his business as an Antrim County Deputy Sheriff in Antrim County in the Western District of Michigan.

7. At all times relevant to this complaint, all Defendants were acting under color of state law.

8. This cause of action arose in Charlevoix County at the residence of Plaintiffs in the State of Michigan and the Western District of Michigan.

9. This Court has jurisdiction pursuant to 28 USC §§1331 and 1343(a)(4).

## GENERAL ALLEGATIONS

10. Paragraphs 1 through 9 are incorporated herein by reference.

11. Plaintiffs are the fee simple owners of a single-family dwelling at 216 Antrim Street in Charlevoix, Michigan.

12. On October 8, 2024, Plaintiffs were at their residence.

13. Defendants arrived at Plaintiffs' home claiming to have a valid search warrant to search for allegedly stolen political signs.

14. On October 8, 2024, Defendant Martin obtained a search warrant from an Antrim County Probate Court Judge based upon false statements of fact, inaccurate conclusions, and a reckless disregard for the truth of the matters set forth in the affidavit submitted under oath.

15. Defendants all entered the dwelling and curtilage of Plaintiffs without a valid warrant and without a valid exception to the requirement for a warrant secured by the Fourth Amendment to the United States Constitution.

16. While present, Defendants made oral comments accusing Plaintiffs of criminal actions and did so in a demeaning unprofessional manner.

17. Defendants subsequently conducted further investigation and learned that the allegedly stolen political signs were in an apartment at the adjacent address of 218 Antrim Street.

18. Defendant Wheat prepared an incident report that completely omitted any reference to the physical entry into the dwelling or curtilage of Plaintiffs by any of the Defendants.

19. Defendant Martin prepared an incident report that falsely claimed that Plaintiff Tony Magnus consented to a search of his home and curtilage.

## COUNT I
(42 U.S.C. §1983 – Fourth Amendment – entry into buildings and curtilage)

20. Paragraphs 1 through 19 above are incorporated herein by reference.

21. The search warrant was not supported by probable cause based on the false claim by Defendant Martin that he was "able to track the Apple Air Tag."

22. The search warrant was not supported by probable cause based on the false claim by Defendant Martin that "the ping locations on 10/07/2024 at 07:48hrs, 08:21hrs; 08:59hrs and 09:00hrs indicate the location of the Apple Air Tag at 216 Antrim St, Charlevoix County, MI".

23. The statement in Paragraph 22 above is false because the response to a ping for an Apple Air Tag outside the Bluetooth range of the device requesting the ping is from a nearby Apple device with the "FindMy" function activated and not from the Apple Air Tag itself.

3

24. The search warrant was not supported by probable cause based on the statement by Defendant Martin that the Apple Air Tag was physically on the property of Plaintiffs which statement was made in reckless disregard of the truth.

25. Once an Apple Air Tag is outside the range of the phone to which it is paired, its Bluetooth signal can be relayed to the paired phone via any phone, tablet or device connected to the Apple "Find My" application on any phone anywhere in the world.

26. When the Air Tag is out of Bluetooth range of the phone to which it is paired, the location presented on the application is the location of the Apple device that is detecting the signal and not the signal of the Air Tag itself.

27. The information about how the Air Tags work is readily available on any documentation where the devices are sold, on Apple's website, on any number of forums that discuss Apple devices and the informational material that comes with the device.

28. The claims of the performance of the device without learning and confirming how the device actually operates is in reckless disregard of providing truthful information under oath to a reviewing magistrate.

29. Defendants Wheat, Byrd, and Cochrane were present with, met with, and discussed with Defendant Martin the circumstances presented before entering Plaintiffs' dwelling.

30. Defendants Wheat, Byrd, and Cochrane knew or should have known of the defects in the search warrant affidavit and had the ability to prevent the constitutional violation from occurring.

31. Defendant Cochrane is a supervisory officer to Defendant Martin and had the opportunity and means to prevent the constitutional violation.

32. The conduct of all four Defendants on October 8, 2024 was in violation of Plaintiffs' rights pursuant to the Fourth Amendment of the United States Constitution.

33. The search warrant and affidavit were invalid on their face.

34. No reasonably trained or experienced police officer would have believed that probable cause existed based upon the affidavit in support of the search warrant.

35. On October 8, 2024, Defendant Martin presented a search warrant affidavit and proposed search warrant to District Court Magistrate Sarah Carter.

36. On October 8, 2024, District Court Magistrate Sarah Carter denied the authorization for the search warrant.

37. On October 8, 2024, Defendant Martin then submitted the search warrant affidavit and proposed search warrant to Probate Judge Norman Hayes who authorized the search warrant.

38. The two warrants drafted and presented by Defendant Martin were identical even to the point of including the same spelling and other typographical errors.

39. Unless authorized by a local administrative order, State Court Administrative Office assignment or other authorization by a chief judge, a Probate Judge does not have authority to issue search warrants in the state of Michigan.

40. No local administrative order, State Court Administrator Office assignment or other authorization existed to grant Judge Hayes authority to issue search warrants.

41. The search warrant utilized on October 8, 2024 to search Plaintiffs' dwelling, curtilage, and outbuildings was void.

42. The entry into Plaintiffs' dwelling and outbuilding by Defendants Martin, Wheat, Byrd, and Cochrane were done without a valid warrant.

43. The entry into Plaintiffs' dwelling and outbuilding by Defendants Martin, Wheat, Byrd, and

Cochran were done without a valid exception to the warrant requirement.

44. The entry into Plaintiffs' dwelling and outbuilding without a valid warrant by Defendants Martin, Wheat, Byrd, and Cochrane is presumed to be in violation of the Fourth Amendment to the United States Constitution.

45. On October 8, 2024, it was clearly established that a government actor could not enter a dwelling without a valid warrant or an exception to the warrant requirement of the Fourth Amendment.

46. The conduct of Defendants Martin, Wheat, Byrd, and Cochrane were a direct and proximate cause of the constitutional violation on October 8, 2024.

47. Plaintiffs were damaged as a result of the unlawful conduct of Defendants Martin, Wheat, Byrd, and Cochrane in that Plaintiffs lost the protection of their personal privacy and the protection of the Fourth Amendment to the United States Constitution as well as anxiety, humiliation, excessive stress, worry, and a feeling of the loss of security of their dwelling.

WHEREFORE, Plaintiffs respectfully request this Honorable Court:

1. Enter judgment in the amount of not less than $25,000.00 against each Defendant;

2. Award Plaintiffs their costs and attorney fees as authorized by 42 U.S.C §1988;

3. Award Plaintiffs interest on the judgment to the date of the complaint as authorized by law;

4. Because the conduct of all individual Defendants was willful, malicious and intended to inflict humiliation, embarrassment and mental anxiety to Plaintiffs, award exemplary damages to Plaintiffs in an amount of not less than $50,000.00; and

5. Award Plaintiff any other relief as equity and justice demand.

Signature by Plaintiffs:

3/27/25
Date

_____
Tony Magnus

3/27/25
Date

_____
Kylie Magnus

Signature by Attorney:

4/14/25
Date

_____
Mary Beth Kur P44424
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand trial by jury on all counts.

4/14/25
Date

_____
Mary Beth Kur (P44424)
Attorney for Plaintiff
455 Bay Street, Suite B
Petoskey, MI 49770
231-348-3200